UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MIMI L. LEE**, et al.,            Case No. 3:11 CV 897

    Plaintiffs,            Judge Jack Zouhary

    v.            REPORT AND RECOMMENDATION

**CITY OF NORWALK, OHIO**, et al.**,**

    Defendants.            Magistrate Judge James R. Knepp II

**Introduction**

Defendants have filed a Motion to Dismiss Plaintiffs' claims alleging assault and battery and intentional inflection of emotional distress (IIED) on statute of limitations grounds. (Doc. 13). Defendant's Motion was filed July 22, 2011; any opposition from Plaintiffs was due on August 22, 2011, and they have filed none. *See* Local Civil Rule 7.1(d) (providing for an Opposition deadline 30 days after service of any dispositive motion); Local Rule 5.1(c) (the Court requires attorneys to receive notice of filings electronically).

Judge Zouhary referred this case to the undersigned for general pretrial supervision. (Non-document entry dated May 12, 2011). The Court has jurisdiction over this case because Plaintiff's raise a federal question, specifically claims alleging violations of 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1331, 1367(d). For the following reasons, the undersigned recommends the Motion be granted.

**Background**

Plaintiff Mimi Lee alleges she sustained injuries as a result of her detention by Defendants on May 7, 2009. More specifically, she alleges she suffered injuries to her wrists due to Defendants over tightening handcuffs. (Doc. 1 at ¶¶ 24, 33). She also alleges she was denied her medical inhaler (Doc. 1, at ¶ 26), blocked from going to the bathroom (Doc. 1 at ¶ 28), choked (Doc. 1 at ¶¶ 29, 30), thrown onto a table (Doc. 1 at ¶ 29), and slammed to the floor (Doc. 1, at ¶ 30). She alleges she sustained permanent injury to her wrists, requiring surgery, and other injuries, both physical and emotional. (Doc. 1 at ¶ 35). Plaintiff Richard Lee is Mimi Lee's husband, and he alleges he suffered mental anguish and lost the society, comfort, and companionship of his wife due to these events. (Doc. 1 at ¶ 37).

Based on these allegations, Plaintiffs raise seven claims. Five of these claims are based on 42 U.S.C. § 1983, each of which is directed against one particular Defendant. The remaining two claims are based in Ohio state law, and allege IIED (Doc. 1, at ¶¶ 50-53) and assault and battery (Doc. 1 at ¶¶ 54-57).

**Standard of Review**

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing a complaint, the court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the Complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). This standard for Rule 12(b)(6) applies to "all civil actions." *Id.* at n.4 (internal quotation omitted)

## Discussion

*Assault and Battery*

Defendant argues Plaintiffs' claim arising from Ohio's law of assault and battery is barred by the statute of limitations. The applicable statute of limitations is found in Ohio Revised Code § 2305.111, which provides that "an action for assault or battery shall be brought within one year after the cause of the action accrues." Rev. Code § 2305.111(B).[1] Plaintiffs allege the incident which gave rise to all their claims took place on May 7, 2009. (Doc. 1, at ¶ 10). From the face of the Complaint, no other date appears which could be construed as the date Plaintiffs' claims accrued. Plaintiffs' Complaint was filed on May 6, 2011, almost two years to the day after the incident. (Doc. 1). In other words, Plaintiffs filed their Complaint almost one year too late to include assault or battery claims. Therefore, Defendants are correct and Plaintiffs' Sixth Claim alleging assault and battery (Doc. 1, at 9) is barred by the statute of limitations.

---

[1] The statutory exceptions to this limitation involve situations not found in this case (victim of childhood sexual abuse, or sexual contact or conduct involving a medical health professional), and do not apply. Rev. Code § 2305.115.

*Intentional Infliction of Emotional Distress (IIED)*

The more difficult question is whether Plaintiff's IIED claim (Doc. 1 at 9) is barred by the statute of limitations. The statute of limitations for IIED claims is generally four years. Rev. Code 2305.09(D). However, courts have held that "when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress." *Crist v. Pugin*, 2008 WL 2571229, at *2 (N.D. Ohio) (quoting *Stafford v. Clever Investigations*, 2007 WL 2800333, at *2 (Ohio Ct. App.)). "[I]n determining which limitations period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (1984).

Defendants aptly point to a very similar case from this district, *Freeman v. City of Lyndhurst*, 2010 WL 908171 (N.D. Ohio). In *Freeman*, the plaintiff's IIED claim was based on the same events as his assault and battery and false arrest claims. *Freeman*, 2010 WL 908171, at *3. The court, citing Judge Katz' analysis in *Crist*, held that the one year statute of limitations for assault and battery and for false arrest would also apply to the plaintiff's IIED claim. *Id.* Here, all of Plaintiff's claims, including that alleging IIED, are based on the alleged physical contact made by Defendants against her on the night of May 7, 2009, as detailed in paragraphs 24 through 33 of the Complaint. Plaintiffs in fact cite the same facts for both their IIED claim

and assault and battery claim. (*Compare* Doc. 1, ¶ 50 *with* ¶ 54). Because the same acts underlie both the assault and battery claim as well as the IIED claim, the one year assault and battery statute of limitations applies to Plaintiffs' IIED claim. Accordingly, Plaintiffs' Fifth Claim alleging IIED (Doc. 1, at 9) is barred by the one year statute of limitations, having been filed more than one year after accruing as a claim.

## Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' Motion to Dismiss (Doc. 13) be granted, and Plaintiffs' claims alleging assault and battery and intentional infliction of emotional distress be dismissed.

s/James R. Knepp II<br>
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).